UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-00395 CRB |
| Plaintiff, | ) ) | [~~PROPOSED~~] ORDER EXCLUDING TIME FROM NOVEMBER 16, 2005 TO FEBRUARY 1, 2006 UNDER THE SPEEDY TRIAL ACT |
| v. | ) ) | |
| YOUNG JOON YANG, et al. | ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | No. CR 05-00447 CRB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MISUK MOORE, et al., | ) ) | |
| Defendants | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | No. CR 05-00613 CRB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CHANG KUN KIM, | ) ) | |
| Defendant. | ) ) | |

  On November 16, 2005, defendants in the above-captioned matter appeared, with

ORDER
CR 05-00395 CRB/CR 05-00447 CRB/CR 05-00613 CRB

counsel, before the Court for a status conference. Assistant United States Attorneys Peter B. Axelrod and Monica Fernandez and Department of Justice Trial Attorney Andrew Kline appeared on behalf of the United States.

Except as set forth in footnote 1, the parties agreed to a continuance of the matter to February 1, 2006, and a corresponding exclusion of time under the Speedy Trial Act 18 U.S.C. § 3161, to provide defense counsel with sufficient time to obtain and review additional discovery.[1]

Accordingly, the Court HEREBY ORDERS that the time from November 16, 2005 to February 1, 2006 is excluded under the Speedy Trial Act, 18 U.S.C. § 3161. For the reasons set forth above, the Court finds that the failure to grant the requested exclusion would deny defense counsel reasonable time necessary for effective preparation taking into account the exercise of due diligence. Further, the Court finds the exclusion warranted on complexity grounds, under 18 U.S.C. § 3161(h)(8)(B)(ii), based on the number of defendants (34 charged), the number of calls on the wire (exceeding 33,000) and the fact that the vast majority of the calls are in the Korean language. Thus, the Court finds that the ends of justice served by granting the requested exclusion outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A), (h)(8)(B)(ii) and (h)(8)(B)(iv).

IT IS SO ORDERED.

DATED:   _____
         CHARLES R. BREYER
         UNITED STATES DISTRICT JUDGE

  February 01, 2006

---

[1] At the hearing, counsel for defendant Seyun Lee objected to an exclusion of time under the Speedy Trial Act based on a severance motion that counsel filed that same day. The motion is set for hearing on December 14, 2005, and defendants Min Young Bang and Young Joo Lee have joined the motion. With respect to those defendants, the Court finds that time is tolled under the Speedy Trial Act based on the filing of the motions until, at least, the motion hearing date. See 18 U.S.C. § 3161(h)(1)(F).

ORDER
CR 05-00395 CRB/CR 05-00447 CRB/CR 05-00613 CRB